HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KANNHA BOUNCHANH, an individual,<br><br>Plaintiff,<br>v.<br><br>WASHINGTON STATE HEALTH CARE AUTHORITY, et al.,<br><br>Defendant. | CASE NO. 3:19-cv-05171-RBL<br><br>ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR SUMMARY JUDGMENT<br><br>Dkt. ## 22, 31, 60 |

THIS MATTER is before the Court on Defendant American Federation of State County and Municipal Employees' ("AFSCME") Motion to Dismiss (Dkt # 22). Plaintiff Bounchanh filed his Complaint against his previous employer, numerous state agencies, AFSCME, and several AFSCME employees[1]. Bounchanh argues that AFSCME failed to assist and protect him from alleged discrimination and abuse that he experienced during his employment at the Washington State Healthcare Authority ("HCA"). He asserts claims under the Americans with Disabilities Act of 1990 ("ADA"), Title VII of the Civil Rights Act of 1964, ADA Amendments Act of 2008, the Health Insurance Portability and Accountability Act of 1996, and the Family

---
[1] Bounchanh names Perry Gordon, Jason Watson, Stacie Leanos, Kurt Spielberg, and Greg Deveraux as additional defendants. Amended Complaint, Dkt. 7 at 14. These individuals are or were AFSCME employees.

ORDER GRANTING MOTION TO DISMISS AND
DENYING MOTION FOR SUMMARY
JUDGMENT - 1

and Medical Leave Act of 1993. Bounchanh also cites Title 29, Title 42, and Title 49 of the Code of Federal Regulations, but it is unclear how they provide a basis for his claims.

AFSCME argues that Bounchanh's claim that AFSCME breached its duty of fair representation is barred by the statute of limitations. It also contends that Bounchanh's employment discrimination claim must fail because he was never an employee of AFSCME. Rather than addressing AFSCME's arguments, Bounchanh's response argues that he is entitled to immediate relief for a variety of other reasons.

AFSCME's Motion to Dismiss (Dkt. #22) is GRANTED. Bounchanh's Motion for Summary Judgment[2] (Dkt # 31) with respect to his claim against AFSCME and AFSCME employees is DENIED.

**BACKGROUND**

Bounchanh alleges that he was a member of AFSCME from August 9, 1991, to June 30, 2013. He was no longer a dues-paying member after he began working for HCA in July of 2013. He claims to have requested assistance from AFSCME in June of 2015 regarding his employment at HCA. AFSCME allegedly declined to assist him.

Bounchanh argues that he should have received assistance and protection from AFSCME even though he was no longer a member. He claims that he was experiencing difficulty at work and needed assistance from AFSCME because he shared a work space with someone he had fired during a previous employment. Bounchanh feels he was entitled to AFSCME's assistance because he was still a member of AFSCME when he fired the individual. He argues that AFSCME discriminated against him, alleging that AFSCME had no issue assisting another union

---

[2] Bounchanh's Motion (Dkt # 31) restates the Amended Complaint and urges the Court to consider all evidence attached and grant him relief, effectively requesting for summary judgment. The Court will treat his Motion as a Motion for Summary Judgment and consider the evidence on record.

member in the same protected class as himself. Bounchanh does not state whether this individual was still a member when AFSCME assisted him.

## DISCUSSION

### 1. Legal Standard

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper 12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678 (citing *id.*).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242,

247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

**2. AFSCME's Duty to Fairly Represent Bounchanh**

As a former union member, Bounchanh alleges that AFSCME failed to assist and protect him and discriminated against him due to his age, sexual orientation, and disability status. Under the Labor Management Relations Act, a union's duty of fair representation towards its member prohibits arbitrary, discriminatory, bad faith, or perfunctory conduct. 29 U.S.C. § 141. Bounchanh does not state that AFSCME breached its duty of fair representation. However, even if his allegation could be interpreted as such a claim, this claim would be time-barred. The statute of limitation for a union's alleged breach of duty of fair representation is six months. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151 (1983) (holding that the six-month limitations period in the National Labor Relations Act for filing unfair labor practice charges is the federal statute of limitations applicable to claims for a union's alleged breach of the duty of fair representation). It has been almost four years since AFSCME allegedly declined to assist Bounchanh, which is well past the six-month statute of limitation.

Furthermore, even without the statute of limitation issue, Bounchanh has not alleged facts supporting a claim that AFSCME breached its duty. Unions generally owe a duty of fair representation to their members, and this duty is breached when a union's conduct towards members is arbitrary, discriminatory, or in bad faith. *Demetris v. Transport Workers Union of America, AFL-CIO*, 862 F.3d at 805 (9th. Cir. 2017) (citations omitted). Here, AFSCME owed no duty to Bounchanh because, as Bounchanh admits, he was no longer a member of AFSCME when he requested assistance.

### 3. Employment Discrimination

Bounchanh's Amended Complaint refers to his claim as one for employment discrimination. A fundamental factual element of an employment discrimination claim is that the defendant employed the plaintiff. *See Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1049 (9th Cir. 2012) (describing the requirements for an *employee* to allege a plausible claim against their *employer* for age discrimination). Here, Bounchanh does not allege that he was ever employed by AFSCME. He therefore fails to state a cause of action against AFSCME for employment discrimination.

## CONCLUSION

For the above reasons and because there is no other basis in the Amended Complaint for AFSCME's liability, Bounchanh's claims against AFSCME are DISMISSED with prejudice and without leave to amend. AFSCME and its employees are DISMISSED from the case.

Bouchanh's Motion for Summary Judgment is DENIED on the merits as to AFSCME and DENIED as premature as to the remaining Defendants. Dkt. #31. Bounchanh's Motion to Postpone Decision on his Motion for Summary Judgment is therefore also DENIED. Dkt. #60. If Bounchanh later wishes to move for summary judgment once all the Defendants have had time to respond to his complaint he is free to do so.

IT IS SO ORDERED.

Dated this 27th day of June, 2019.

Ronald B. Leighton
United States District Judge