UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KANNHA BOUNCHANH, an individual, | CASE NO. 3:19-cv-05171 |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | |
| WASHINGTON STATE HEALTH CARE AUTHORITY, et al., | |
| Defendant. | |

THIS MATTER comes before the Court on Plaintiff's Motion for Reconsideration [Dkt. # 71] of the Court's prior Order [Dkt. # 68] granting AFSCME's Motion to Dismiss, denying Plaintiff's Motion for Summary Judgment, and denying Plaintiff's Motion to Postpone Decision on his Summary Judgment. Bounchanh argues that he has evidence supporting his claims and he wants to present it to a jury.

Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. The term "manifest error" is "an error that is plain and indisputable, and

1    that amounts to a complete disregard of the controlling law or the credible evidence in the

2    record." Black's Law Dictionary 622 (9th ed. 2009).

3          Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of

4    finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d

5    877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly

6    unusual circumstances, unless the district court is presented with newly discovered evidence,

7    committed clear error, or if there is an intervening change in the controlling law." *Marlyn*

8    *Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Neither

9    the Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for

10   reconsideration, is intended to provide litigants with a second bite at the apple. A motion for

11   reconsideration should not be used to ask a court to rethink what the court had already thought

12   through — rightly or wrongly. *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D.

13   Ariz. 1995).

14         Mere disagreement with a previous order is an insufficient basis for reconsideration, and

15   reconsideration may not be based on evidence and legal arguments that could have been

16   presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F.

17   Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to

18   the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima*

19   *Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

20   //

21   //

22   //

23

24

Bounchanh has not met this standard. The claims and defendants were dismissed because the limitations period had run, and because he failed to state a plausible claim. Neither of these bases for dismissal depend on Bounchanh's (or any other) evidence. The Court will not reconsider its ruling. Bounchanh's Motion for Reconsideration [Dkt. # 71] is DENIED.

IT IS SO ORDERED.

Dated this 29th day of July.

Ronald B. Leighton
United States District Judge