HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KANNHA BOUNCHANH,

    Plaintiff,

  v.

WA STATE HEALTH CARE AUTHORITY, et al.,

    Defendants.

CASE NO. C19-5171RBL

ORDER

    THIS MATTER is before the Court on Defendants'[1] Motion to Dismiss for failure to state a claim [Dkt. # 70]. Pro se plaintiff Bounchanh is a former DSHS and Washington Health Care Authority employee. Bounchanh's amended complaint is unclear and difficult to follow, but it appears that he was either not promoted or was fired. He sued his former employers (and others; there are 43 total defendants) for violating his rights, for failing to accommodate his disability in violation of the ADA, and for bullying and retaliating against him. He also sued the entities that investigating these claims (the BRC and the EEOC) when they determined that they could not substantiate them. He appears to claim they conducted a negligent investigation.

---

[1] The moving defendants are the Washington Human Rights Commission, and its employees Sharon Ortiz, Jeremy Page, Idolina Reta, and Cheryl Strobert.

ORDER - 1

The Court previously dismissed Bounchanh's union, Defendant AFCME [Dkt. # 68]. The HRC and its individual employee defendants now seek dismissal of Bounchanh's claims against them. The HRC argues that it has Eleventh Amendment immunity, that there is no cognizable claim for negligent investigation, and that Bounchanh has failed to articulate a plausible claim against any of the HRC defendants—he has not articulated that any named HRC defendant did anything to him, and he was clearly never employed by the HRC or any of its individual employees.

Bounchanh's response does not address any of these arguments. He asks the Court to permit a jury to hear his claims and to view his undisputable and admissible evidence. He reiterates that, in his view, the HRC did not do a fair thorough, objective and sincere investigation into his claims about his treatment at the HCA (or the DSHS). He has still failed to articulate any action by any individual HRC defendant, much less to articulate how it is actionable under the authorities cited in the Motion to Dismiss.

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper 12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation

to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678 (citing *id.*).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

Bounchanh's claims against the HRC defendants are not plausible under this standard. The HRC itself is entitled to Eleventh Amendment immunity, and Bounchanh has failed to even hint at any actionable conduct by the named individual HRC defendants through two iterations of his complaint and a response to a motion to dismiss. There is not common law or statutory claim for negligent investigation. *See Pettis v State*, 98 Wash. App. 553 (1999). Bounchanh's claim that his actual employer(s) bullied him is not legal or factual support for a plausible claim against the HRC.

//

//

//

For these reasons, the motion to dismiss is GRANTED and Bounchanh's claims against the HRC and its individual employees are DISMISSED. Because there is nothing that Bounchanh could add in a third proposed amended complaint that would change this analysis, the dismissal is with prejudice and without leave to amend.

IT IS SO ORDERED.

Dated this 16th day of August, 2019.

Ronald B. Leighton
United States District Judge