HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KANNHA BOUNCHANH,<br><br>               Plaintiff,<br><br>   v.<br><br>WA STATE HEALTH CARE AUTHORITY, et al.,<br><br>              Defendants. | CASE NO. C19-5171RBL<br><br>ORDER |

THIS MATTER is before the Court on Plaintiff Bounchanh's Motion for Reconsideration [Dkt. # 103] of the Court's Order [Dkt. # 102] Dismissing the HRC and its individual employees.

Bounchanh emphasizes that a jury has not heard his evidence.

Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary 622 (9th ed. 2009).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Neither the Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple. A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through — rightly or wrongly. *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

The Motion to dismiss was not based on the evidence; it was based on the accurate argument that the claim Bounchanh asserted against the HRC and its employees were not plausible or viable as a matter of law, even if the evidence did support his factual allegations. Nor does the list of other cases in which some plaintiff apparently won a different claim in some different context change the fact that the claims asserted are not cognizable; they are not plausible. The Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

Dated this 26th day of August, 2019.

_Ronald B. Leighton_ (signature)
Ronald B. Leighton
United States District Judge