HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KANNHA BOUNCHANH,

        Plaintiff,

   v.

WA STATE HEALTH CARE AUTHORITY, et al.,

        Defendants.

CASE NO. 3:19-cv-05171-RBL

ORDER

## I. INTRODUCTION

THIS MATTER is before the Court on Defendants' Motions to Dismiss.[1] (Dkt. ## 97 & 98). Pro se plaintiff Kannha Bounchanh has also filed four motions: Motion for Copy of the Transcript or Partial Records (Dkt # 134), Motion for Leave to Appeal *in forma pauperis* (Dkt # 118), Motion for Court Appointed Counsel in Title VII Action (Dkt # 133), and a Motion to Request Scheduling the Jury Demand Trial Date (Dkt # 115).

---

[1] This Order resolves two motions to dismiss filed by all remaining defendants. The State Defendants (AGO, DSHS, HCA and their individual employees) filed one motion (Dkt # 97), and the Federal Defendants (the EEOC and its individual employees) filed the other (Dkt # 98).

ORDER - 1

1  Bounchanh worked for the Department of Social and Health Services until 2013 and the
2  Washington Health Care Authority until 2015. The circumstances of his departure from either
3  job are not clear, but he appears to have voluntarily resigned.

4  In 2015, Bounchanh complained to the EEOC that HCA had discriminated against him.
5  The gist of his claims was that the agency and its employees failed to reasonably accommodate
6  his disability, discouraged him from taking leave for his health conditions, and bullied and
7  retaliated against him. Bounchanh also claimed that HCA discriminated[2] against him because of
8  his race, national origin, sexual orientation, age, and disability. The EEOC found no probable
9  cause to pursue Bounchanh's claims. He received an EEOC right-to-sue letter on May 13, 2016,
10 but he did not sue. The letter notified Bounchanh that he had to sue HCA within 90 days, or he
11 would lose his right to sue based on the charges in his complaint.

12 In 2018, Bounchanh applied for several jobs at DSHS. He was not hired, and he again
13 complained to the EEOC. He claimed that DSHS discriminated against him based on his race,
14 sexual orientation, age, and disability, and retaliated against him for participating in another
15 employee's unrelated EEOC claim, and because of his prior EEOC complaint (about HCA). The
16 EEOC again found no probable cause to pursue Bounchanh's claims. Bounchanh received a
17 second EEOC right-to-sue letter on January 25, 2019.

18 On March 6, 2019, Bounchanh sued his former employers (and 41 other defendants[3]) for
19 employment discrimination. His Amended Complaint largely repeats the claims he made in both

---

[2] Bounchanh claims that he sought to amend his 2015 EEOC complaint to include allegations that DSHS "teamed up" with HCA to discriminate against him. EEOC's right-to-sue letter did not address those amended claims (perhaps because he had not worked at DSHS for more than 180 days, even then). Even if the EEOC had sent a right-to-sue letter about DSHS's "2015 conduct," Bounchanh would have had the same 90 days to sue.

[3] The Court previously dismissed Bounchanh's claims against his union, (the American Federation of State, County and Municipal Employees (Dkt # 68), and the state agency (WSHRC) that investigated his 2018 discrimination complaint (Dkt. # 102).

his 2015 and 2018 EEOC complaints. Additionally, Bounchanh claims that numerous employee defendants violated the Health Insurance Portability and Accountability Act ("HIPAA") when they spoke to his doctor and obtained his confidential medical information. He also claims that they violated the Family and Medical Leave Act ("FMLA") by discouraging him from taking leave for personal medical conditions.

Bounchanh also claims that DSHS, HCA, and their employees violated Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 ("ADEA"), the Americans with Disabilities Act of 1990 ("ADA"), the ADA Amendments Act of 2008 ("ADAAA") when they bullied, retaliated, and discriminated against him because of his race, age, sex, disability, and for complaining to the EEOC in 2015.

Bounchanh also sued the entities that investigated his claims in 2015 and 2018—the Equal Employment Opportunity Commission, the Washington State Human Rights Commission, and Washington State Attorney General's Office.[4] Bounchanh claims that the EEOC violated HIPAA when it allegedly lost or mishandled the "confidential documents" that he submitted with his 2015 EEOC compliant. Bounchanh does not and cannot claim that he was ever an employee of any of these agencies or that he applied for a job with them. He claims instead that they negligently investigated his claims about HCA and DSHS because they found no probable cause to pursue Bounchanh's claims and declined to do so. Bounchanh claims these agencies similarly violated Title VII, the ADA, ADAAA, ADEA, and FMLA even though they did not employ him.

All remaining Defendants move to dismiss Bounchanh's remaining claims. First, each Defendant argues correctly that there is no private right of action under HIPAA. HCA argues that

---

[4] Bounchanh sued the AGO for failing to investigate an undescribed but possibly related tort claim against HCA and its employees in 2015. The AGO determined that his tort claim did not have merits and declined to pursue it. Bounchanh never sued HCA or its employees for the tort claim, but now sues AGO for negligently investigating it.

all Bounchanh's FMLA claims are time-barred. FMLA claims are subject to a two-year limitations period. Bounchanh left HCA in 2015 and did not sue until 2019.

HCA also argues that Bounchanh's Title VII, ADA, ADAAA, and ADEA claims arise from the violations he described in his 2015 EEOC complaint and are time-barred. A plaintiff has 90 days from the date of a right-to-sue letter to sue for the violations alleged in an EEOC complaint. Bounchanh received his right-to-sue letter on May 13, 2016 but did not sue until March 6, 2019—1027 days later.

Defendants also argue that Bounchanh's similar claims based on the events he complained about to the EEOC in 2018 are fatally flawed, even if they are not time-barred. The individual employee defendants correctly point out that the ADA, ADEA, and Title VII do not permit claims against individual employees—those claims may be asserted only against employers. EEOC and AGO argue that they have sovereign immunity from Bounchanh's claims against them, because they never employed him. They argue that because they are immune, the Court does not have subject matter jurisdiction over Bounchanh's claims.

DSHS similarly argues that, as a state agency, it has Eleventh Amendment immunity from Bounchanh's ADA and ADEA claims. Finally, DSHS argues that while the Court does have jurisdiction over Bounchanh's Title VII claim against it, that claim is not plausible because Bounchanh has failed to plead any facts supporting even an inference that DSHS discriminated against him when it did not hire him in 2018.

None of Bounchanh's numerous filings or motions address any of these arguments. He asks the Court to allow a jury to hear his claims and to view his evidence, reiterates that the EEOC and the AGO did not properly investigate his claims (dating to 2015) about his treatment at the HCA and DSHS. He again claims that DSHS, the HCA, and their individual employees

bullied, retaliated and discriminated against him. But he fails to articulate how any of the alleged conduct is actionable under the authorities cited in the Motions.

## I. DISCUSSION

**A. Legal Standard**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6), the court construes the complaint in the light most favorable to the non-moving party. *See Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005); *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Generally, the court must accept as true all well-pleaded allegations of material fact and draw all reasonable inferences in favor of the plaintiff. *See Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).

In a motion to dismiss under Rule 12(b)(1), the plaintiff bears the burden of proving that the court has subject matter jurisdiction to decide the case. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) if the defendants are entitled to sovereign immunity. *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) (explaining that sovereign immunity is "quasi-jurisdictional in nature" and therefore appropriately considered under Rule 12(b)(1)).

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper

12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678 (citing *id.*). A pro se Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Id.*

**B. No Private Right of Action**

"HIPAA itself provides no private right of action." *Webb v. Smart Document Sols., LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007). It allows DSHS (only) to penalize organizations for violating the statute. *See* 42 U.S.C. § 1320d-5. Bounchanh cannot sue Defendants under HIPAA for mishandling or obtaining his medical records. Defendants' Motions to Dismiss Bounchanh's HIPAA claims are GRANTED and those claims are DISMISSED with prejudice and without leave to amend.

**C. Time-barred Claims**

FMLA requires an employee to file any claims "not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought" 29 U.S.C § 2617(c). Bounchanh sued nearly four years after his last day of employment with HCA—well beyond the FMLA's two-year limitations period. Each of Bounchanh's FMLA claims are time-barred. Defendants' Motion to Dismiss his FMLA claims are GRANTED and those claims are DISMISSED with prejudice and without leave to amend.

1   An aggrieved party must complain to the EEOC within 180 days of the unlawful employment practice before suing an employer for violating Title VII, ADA, ADEA, or ADAAA. 42 U.S.C. § 2000e-5(e)(1). A plaintiff has 90 days to sue from the date he receives his right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); *Surrell v. California Water Serv. Co.*, 518 F.3d 1097, 1104 (9th Cir. 2008). These same time limitations apply to employment discrimination claims under ADEA and Title I of the ADA.[5] 29 U.S.C. § 626(e); 42 U.S.C. § 12117.

Bounchanh complained to the EEOC that HCA had discriminated against him in 2015, and he received a right-to-sue letter on May 13, 2016. The 90-day period to sue began to run when the EEOC notified him that it would not pursue his claim. Bounchanh did not sue until March 6, 2019, 1027 days after he received his right-to-sue letter. Defendants' Motion to Dismiss Bounchanh's Title VII, ADEA, ADA, and ADAAA claims against HCA and its individual employees arising from his 2015 EEOC complaint are GRANTED and those claims are DISMISSED with prejudice and without leave to amend.

**D. No Personal Liability**

The remaining employee defendants argue that Bounchanh cannot sue the individual employees for employment discrimination. Title VII, ADA, and ADEA do not permit employees to be sued in their individual capacity. *See, e.g., Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1189 (9th Cir. 1998) ("[C]ivil liability for employment discrimination does not extend to individual agents of the employer who committed the violations, even if that agent is a

---

[5] Defendants correctly argue that Bounchanh's ADA claims are subject to the 90-days limitations period because employment discrimination claims arise under Title I of the ADA. *Zimmerman v. Oregon Dep't of Justice*, 170 F.3d 1169, 1176 (9th Cir. 1999). Bounchanh also sues under ADAAA, which amended certain Title II and III ADA claims to a four-year limitations period. Defendants correctly argue that ADAAA does not impact the 90-day limitations period for Bounchanh's Title I ADA claims. All Bounchanh's ADAAA claims are dismissed because ADAAA does not apply to employment disability discrimination claims.

supervisory employee."). The liability schemes under Title VII and ADEA "both limit civil liability to the employer." *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587–88 (9th Cir. 1993) (citing 42 U.S.C. § 2000e–5(g) (1988) and 29 U.S.C. § 626(b) (1988)). Further, because "Title I of the ADA adopts a definition of 'employer' and a remedial scheme that is identical to Title VII," the Ninth Circuit has ruled that individual defendants cannot be held personally liable for violations of Title I of the ADA. *Walsh v. Nevada Dep't of Human Res.*, 471 F.3d 1033, 1038 (9th Cir. 2006); *see* 42 U.S.C. §§ 12111(5)(a), 12117(a).

Bounchanh cannot sue DSHS, AGO, or EEOC's individual employees under Title VII, the ADA, and ADEA and they cannot be held personally liable for employment discrimination by the employer. Defendants' Motions to Dismiss Bounchanh's remaining Title VII, ADEA, and ADA claims against the individual employee defendants are GRANTED and those claims are DISMISSED with prejudice and without leave to amend.

**E. Sovereign Immunity**

EEOC argues that because it never employed Bounchanh, it has sovereign immunity from Bounchanh's Title VII, ADA, and ADEA claims. It cannot be sued in its capacity as an investigatory agency. The United States or a federal agency may not be sued unless it has consented to suit, or Congress has waived its immunity. *See United States v. Dalm*, 494 U.S. 596, 608 (1990); *City of Whittier v. U.S. Dep't of Justice*, 598 F.2d 561, 562 (9th Cir. 1979). The Eleventh Amendment also bars federal court actions for damages brought by a citizen against a State without the State's consent or a valid Congressional abrogation of immunity. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54–55 (1996). Waivers and abrogation of sovereign immunity must be "unequivocally expressed" and "unmistakably clear" in the statute's language. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000) (quoting *Dellmuth v. Muth*, 491 U.S. 223, 228 (1989)); *United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992). Where the

United States or a State is entitled to sovereign immunity, the Court lacks subject matter jurisdiction and dismissal is required. *See Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).

For federal agencies, Title VII, ADA, and ADEA waive sovereign immunity for discrimination lawsuits by employees and job applicants against the agency as an employer. *See, e.g.*, 42 U.S.C. § 2000e-5(f)(3) (Title VII). But none of the statutes waive an agency's immunity when they are acting in an investigatory capacity, and not as an employer. *See, e.g.*, *Leitner v. Potter*, No. C05-5674RBL, 2008 WL 750584, at *2 (W.D. Wash. Mar. 18, 2008).

Bounchanh does not claim that EEOC employed him or that he applied to work there. Instead, Bounchanh claims only that EEOC negligently investigated his employment discrimination complaints.[6] The Court has no jurisdiction over Bounchanh's claims against EEOC in its investigatory capacity because Congress waived EEOC's sovereign immunity only when sued as an employer. Defendants' Motion to Dismiss Bounchanh's remaining ADA, ADEA, and Title VII claims against EEOC is GRANTED and those claims are DISMISSED with prejudice and without leave to amend.

AGO argues that it never employed Bounchanh and has Eleventh Amendment immunity from Bounchanh's Title VII, ADA, and ADEA claims. It argues that it cannot be sued in its capacity as a state investigatory agency. The immunity provided by the Eleventh Amendment extends to State agencies because they are effectively "arms of the state." *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 379–80 (9th Cir. 1993). Congress has not abrogated a State's Eleventh Amendment under ADA and ADEA. *Bd. of Trustees of Univ. of Alabama v.*

---

[6] Bounchanh's claims against the EEOC and AGO, seemingly for negligent investigation, are also fatally flawed because that is not a viable cause of action. *See Pettis v State*, 98 Wash. App. 553 (1999) (finding no common law or statutory claim for negligent investigation).

*Garrett*, 531 U.S. 356, 360 (2001) (analyzing Title I of the ADA); *Kimel*, 528 U.S. at 92 (analyzing the ADEA). But Congress did abrogate a State's Eleventh Amendment immunity when it is sued as an *employer* under Title VII. *See Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976); 42 U.S.C. § 2000e-5(f)(3).

Bounchanh's claims against the AGO are fatally flawed for similar reasons to his claims against EEOC. AGO is a State agency and Congress did not abrogate its immunity under ADA or ADEA. Bounchanh also did not sue AGO as an employer. He sued it for negligently investigating his tort claim. Congress abrogated AGO's Eleventh Amendment immunity under Title VII only as an employer, not as an investigatory agency. Defendants' Motion to Dismiss Bounchanh's remaining ADA, ADEA, and Title VII claims against AGO is GRANTED and those claims are DISMISSED with prejudice and without leave to amend.

DSHS argues it has Eleventh Amendment immunity from Bounchanh's ADA and ADEA claims. Congress did not abrogate DSHS's Eleventh Amendment immunity as a State agency under ADA and ADEA. However, the Court has jurisdiction over his Title VII claims because Bounchanh sued DSHS as his employer. Defendants' Motion to Dismiss Bounchanh's remaining ADA and ADEA claims against DSHS is GRANTED and those claims are DISMISSED with prejudice and without leave to amend.

F. **Failure to State a Claim**

This leaves Bounchanh's Title VII claim against DSHS arising from his 2018 EEOC complaint. Bounchanh complained to the EEOC in 2018 that he applied to 31 jobs at DSHS and "other state government agencies" but did not receive any offers because DSHS discriminated against him. Dkt # 7 at 30. DSHS argues that Bounchanh has failed to plead any facts supporting even an inference that DSHS discriminated against him when it did not hire him in 2018.

A fundamental factual element of an employment discrimination claim is that the defendant employed the plaintiff, or the plaintiff applied to work for them. *See Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1049 (9th Cir. 2012). A plaintiff can establish a prima facie case of employment discrimination by showing: "(i) that he belongs to a [protected class]; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

Bounchanh's 2018 EEOC claims against DSHS for employment discrimination are not plausible. Bounchanh has failed to provide any information on the types of jobs he applied for, how many of those jobs were with the DSHS, his qualifications for those jobs, what other comparable people were hired in lieu of him, or under what theory he was allegedly wronged for not receiving these jobs. Dkt # 97 at 11. Bounchanh's disorganized, conclusory Complaint insists that he suffered several types of discrimination:

> [Bounchanh was] rejected, denied, not qualified and/or not referred to a hiring manager by DSHS Human Resource Recruiters while other applicants, or other applicants with disabilities, underage [sic] of 40 and/or over 40, different race, national origin, and different sexual orientation had their opportunity and chance to be hired.

Dkt # 7 at 33. But Bounchanh's allegations offer nothing more than speculation that DSHS's hiring committee discriminated against him and refused to consider him for employment because of a protected status. Bounchanh's theory of how DSHS discriminated against him is not plausible and is insufficient to survive dismissal under Rule 12(b)(6).

This leaves the issue of whether Bounchanh should be allowed to amend his complaint for the second time. Leave to amend a complaint under Rule 15(a) "shall be freely given when

justice so requires." *Carvalho v. Equifax Info. Services, LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). In determining whether to grant leave under Rule 15, courts consider five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (emphasis added). Among these factors, prejudice to the opposing party carries the greatest weight. *Eminence Capital,* 316 F.3d at 1052. A proposed amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Gaskill v. Travelers Ins. Co.*, No. 11-cv-05847-RJB, 2012 WL 1605221, at *2 (W.D. Wash. May 8, 2012) (citing *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir.1997)).

Bounchanh has failed to state a plausible Title VII claim against DSHS relating to his 2018 job applications. Even though the Complaint is inadequate, dismissal is not the proper remedy at this time. The Court cannot say at this stage that amendment would be futile. Bounchanh shall file a proposed amended complaint against DSHS for Title VII violations surrounding his 2018 job applications (consistent with his complaint to EEOC) within 30 days. If Bounchanh fails to timely and plausibly amend his complaint, the case will be dismissed. The amended complaint must set forth specific facts, rather than just conclusions, and must tell a plausible story that amounts to a plausible Title VII claim. The complaint shall include information on the types of jobs he applied for, how many of those jobs were with the DSHS, his qualifications for those jobs, that people with his same qualifications were hired in lieu of him,

and under what theory he was allegedly wronged for not receiving these jobs. In short, he must plausibly state a timely claim for employment discrimination against DSHS.

Defendants' Motion to Dismiss Bounchanh's remaining Title VII claims against DSHS is DENIED conditioned on Bounchanh's timely submission of a plausible amended complaint.

**G. Bounchanh's Pending Motions**

The Ninth Circuit dismissed Bounchanh's appeal for lack of jurisdiction because Bounchanh appealed an order that is not final or appealable. Dkt # 138. Bounchanh's appeal related motions (Dkt ## 118, 134) are DENIED as moot.

Bounchanh's Motion to Request Scheduling the Jury Demand Trial Date (Dkt # 115) is DENIED; the Court will schedule a trial date in due course if any claims remain un-dismissed under Rule 12. Bounchanh's Motion for Court Appointed Counsel (Dkt # 133) is also DENIED. In a civil case, courts have discretion to appoint counsel and generally do so only under "exceptional circumstances." *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (internal quotations omitted). These factors must be viewed together before reaching a decision on whether to appoint counsel under § 1915(e)(1). *Id.* Bounchanh falls far short of this demanding standard as he has not shown any likelihood of success on the merits.

## II. CONCLUSION

For the above reasons, Federal Defendants' Motion to Dismiss (Dkt # 98) is GRANTED with prejudice and without leave to amend. State Defendants' Motion to Dismiss is GRANTED in part (Dkt # 97). All other claims against the State Defendants are dismissed with prejudice and without leave to amend, *except* for Bounchanh's Title VII claim against DSHS relating to his

2018 job applications. Bounchanh has 30 days to file a proposed second amended complaint against DSHS for Title VII violations relating to his 2018 job applications.

Plaintiff's Motion for Transcripts (Dkt #134) and Motion for Leave to Appeal *In Forma Pauperis* (Dkt #118) are DENIED as moot. Plaintiff's Motion for Court Appointed Counsel (Dkt # 133) and Motion to Request Scheduling the Jury Trial (Dkt # 115) are DENIED.

IT IS SO ORDERED.

Dated this 15th day of November, 2019.

Ronald B. Leighton
United States District Judge