HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KANNHA BOUNCHANH,

        Plaintiff,

v.

WA STATE HEALTH CARE AUTHORITY, et al.,

        Defendants.

CASE NO. C19-5171RBL

ORDER DENYING MOTION TO RECUSE

THIS MATTER is before Plaintiff Bounchanh's Motion to Recuse [Dkt. # 144]. This Court recently dismissed the bulk of Bounchanh's claims against the bulk of the defendants, determining that they were largely time time-barred, that the defendants had immunity from them, or that the claims were not cognizable as a matter of law. [*See* Order at Dkt. # 143]. The Order gave Bounchanh 30 days to file an amended complaint remedying the deficiencies of his claim against the remaining potential defendant, DSHS.

Bounchanh now claims that his lawsuit was "timely" and that this Court "once again" "discriminated against him based on his race, national origin, disability, age and sexual orientation," and violated his human rights, the Civil Rights Act of 1964, the ADA, and the ADAAA.

Under the Local Rules of this District, a motion for recusal is addressed first to the presiding judge, and if the judge does not recuse voluntarily, the matter is referred to the chief judge for review. *See* LCR 3(e). This Court therefore considers McAllister's motion in the first instance.

A federal judge should recuse himself if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." 28 U.S.C. § 144; *see also* 28 U.S.C. § 455; *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This objective inquiry is concerned with whether there is the appearance of bias, not whether there is bias in fact. *See Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *see also United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980). In the absence of specific allegations of personal bias, prejudice, or interest, neither prior adverse rulings of a judge nor his participation in a related or prior proceeding is sufficient" to establish bias. *Davis v. Fendler*, 650 F.2d 1154, 1163 (9th Cir. 1981). Judicial rulings alone "almost never" constitute a valid basis for a bias or partiality motion. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Bounchanh's ten-page Motion to Recuse is filled with accusations of discrimination, cover-ups, conspiracies and "hiding" his evidence, aimed at the Court and its staff (and at the defendants). Bounchanh's claims of bias all derive from the Court's adverse decision(s) in this litigation. He asks the Chief Judge to "recuse" Judge Leighton and assign his case to a different, unbiased judge.

Bounchanh has made no showing of even the appearance of any bias or prejudice or lack of impartiality on the part of the Court. Conclusory allegations of discrimination and bias are not enough, particularly where they are based only on ruling made in this case. Judicial rulings are "almost never" sufficient to meet the recusal threshold.

ORDER DENYING MOTION TO RECUSE - 2

1     For these reasons, Court will not voluntarily recuse itself from this case. Bounchanh's Motion for Recusal [Dkt. #144] is **DENIED**. Under LCR 3(e), this Matter is **REFERRED** to Chief Judge Martinez for review.

    The Court will **STAY** the 30-day period for filing an amended complaint against DSHS, addressing and correcting the flaws outlined in the Court's Order, from the date of this Order to the date of Judge Martinez's Order reviewing it.

    IT IS SO ORDERED.

    Dated this 22nd day of November, 2019.

Ronald B. Leighton
United States District Judge