UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KANNHA BOUNCHANH,<br><br>              Plaintiff,<br><br>    v.<br><br>WA STATE HEALTH CARE<br>AUTHORITY, et al.,<br><br>              Defendants. | CASE NO. C19-5171-RBL<br><br>ORDER ON REVIEW OF<br>MOTION FOR RECUSAL |

On November 18, 2019, Plaintiff Bounchanh filed a Motion seeking to disqualify the Honorable Ronald B. Leighton in this matter. Dkt. #144. On November 22, 2019, Judge Leighton issued an Order declining to recuse himself and, in accordance with this Court's Local Rules, referring that decision to the Chief Judge for review. Dkt. #145; LCR 3(f). The Court will not address the other rulings contained in that Order.

A judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Pursuant to 28 U.S.C. § 144, "whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending

has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source.").

On November 15, 2019, the Court dismissed many of Plaintiff's claims on the basis that several defendants were entitled to sovereign immunity and certain claims were time-barred or not cognizable as a matter of law. *See* Dkt. #143. Plaintiff now seeks recusal of Judge Leighton because of the Court's decision that dismissed Plaintiff's claims and ordered Plaintiff to file an amended complaint. Dkt. #144 at 9. Plaintiff argues that because of this adverse ruling, the Court has "discriminated against him based on his race, national origin, disability, age and sexual orientation," and violated his human rights, the Civil Rights Act of 1964, the Americans with Disabilities Act ("ADA"), and the Americans with Disabilities Act Amendments Act ("ADAAA"). *Id.*

Plaintiff's Motion contains various allegations that the Court and its staff discriminated against him. These claims include that Judge Leighton failed to "take all related admissible and undisputable evidences into account" in reaching his decisions and that court staff "attempted to hide some evidences from my case." *Id.* at 4. Plaintiff references several orders in this case in which the Court ruled adversely again him. *Id.* at 2. Plaintiff also indicates that the case was originally assigned to a magistrate judge, the Honorable Theresa Fricke, and then reassigned to Judge Leighton. *Id.* at 4.

Nothing presented in Plaintiff's Motion convinces the Court that the standards for recusal have been met. All of Plaintiff's allegations of discrimination and human rights violations are

1 | factually and/or legally unsupported. Because these unsupported and conclusory allegations are
2 | insufficient to demonstrate the appearance of bias or prejudice, the Court finds no evidence upon
3 | which to reasonably question Judge Leighton's impartiality.
4 |     Accordingly, the Court hereby ORDERS that Judge Leighton's refusal to recuse himself
5 | from this matter is AFFIRMED. The Clerk SHALL provide copies of this order to Plaintiff and
6 | to all counsel of record.

DATED this 25 day of November, 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE